IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GOODCENTS HOLDINGS, INC., | § | |
| | § | |
| Respondent Below-<br>Appellant, | § | No. 272, 2017 |
| | § | |
| | § | |
| v. | § | Court Below:  Court of Chancery |
| | § | of the State of Delaware |
| JANET G. WATTS, CHAPTER 11 | § | |
| TRUSTEE OF THE ESTATE OF | § | C.A. No. 11723 |
| DALFORD LYNN ENGLAND and | § | |
| CLAYT MASON, | § | |
| | § | |
| Petitioners Below-<br>Appellees. | § | |
| | § | |

Submitted:  July 6, 2017
Decided:    July 13, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

This 13th day of July 2017, upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1)    The respondent-appellant, GoodCents Holdings, Inc. ("GoodCents"), is a privately-held Delaware corporation.  In 2015, it merged into MA Conservation Group, Inc.  GoodCents has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a memorandum opinion of the Court of Chancery dated June 7, 2017 ("the Memorandum Opinion").  The Memorandum

Opinion granted partial summary judgment to the petitioners-appellees, who were the common stockholders of GoodCents ("the Appellees"), on the interpretation of the GoodCents' Certificate of Incorporation and the proper allocation of the fair value of GoodCents between the preferred and common stockholders.

(2) GoodCents filed an application for certification to take an interlocutory appeal of the Memorandum Opinion in the Court of Chancery on June 19, 2017. The Appellees filed their response in opposition on June 29, 2017.

(3) The Court of Chancery denied the certification application on July 6, 2017. In denying certification, the Court of Chancery noted that the Memorandum Opinion did not, as GoodCents argued, involve a question of first impression or create a conflict in the law. The Court also rejected GoodCents' argument that interlocutory review may terminate the litigation by making settlement far more likely. The Court of Chancery held that, while the Memorandum Opinion decided "a substantial issue of material importance,"[1] interlocutory review was not warranted before the entry of a final judgment.

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application

---

[1] Del. Supr. Ct. R. 42(b).

for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:


*Collins J. Seitz, Jr.*
Justice